KLIEBERT, Judge.
The plaintiff-appellant, The Bank of New Orleans and Trust Company, filed suit against Rosemary Lewis, as an endorser of a promissory note made by Rochell (Rochelle) Lewis, her daughter. The plaintiff’s motion for summary judgment was denied by the trial court.
The parties stipulated as to all facts material hereto, i. e., plaintiff is the payee and holder of a promissory note dated February 16,1978 in the sum of $2,979.60; the sum of $695.24 had been paid on said note; the defendant was entitled to an interest rebate of $24.51; the maker had defaulted in making payments; and there remains due and owing to BNO on the note the sum of $2,259.85, with eight (8%) per cent per an-num interest thereon from March 8, 1979 until paid. The parties also agreed that payments by the original maker, Rochell M. Lewis, were being made in accordance with a Chapter XIII Bankruptcy Earner Plan.
The matter was submitted to the trial court on the sole legal defense urged by defendant, i. e., whether or not a Chapter XIII Wage Earner Plan which has been filed and approved by the Bankruptcy Court for the maker of a note precludes the payee of said note from seeking legal redress from any endorser or co-maker of the note.
In the trial court, plaintiff’s counsel in his brief argued that the discharge of the maker of a note in bankruptcy did not alter the obligation of the endorser. The trial court concluded that since the maker of the note had not been discharged under the terms of the Bankruptcy Act and since the defendant, Rosemary Lewis, as an endorser continues to be obligated to pay if the maker, *830 Rochell Lewis, does not and since the maker was making payments under the terms of the Chapter XIII Wage Earner Plan (albeit not according to the terms of the note), then plaintiff cannot have satisfaction from defendant at this time, and therefor entered judgment for defendant and dismissed plaintiff’s suit at its cost.
The obligation to which the defendant, Rosemary Lewis, bound herself is written on the reverse side of the note and is as follows:
“In consideration of the making at the request of the undersigned of the loan evidenced by the within note, the undersigned has taken notice of the conditions and promises on the reverse hereof, and binds himself in solido, by each and all of them, as thereon stated.”
By the very nature of the language of her obligation, defendant has become a soli-dary obligor, and as such is responsible for the entire obligation sued upon. C.C. Art. 2082 defines solidary liability as follows:
“When several persons obligate themselves to the obligee by the terms in solido, or use any other expressions which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligors.”
Since defendant’s obligation has, by its very language, bound her in solido with the maker, and since the “in solido ” language “clearly show(s) that they intend that each one shall be separately bound to perform the whole of the obligation,” then Rosemary Lewis is in the same position as the marker of the note, and as such can be held liable for the entire amount sued upon.
The only remaining issue to be determined is whether this proceeding is within the purview of the Bankruptcy Reform Act of 1978 or within the purview of the Bankruptcy Act of 1898 as it existed prior to the effective date of the Reform Act. If it is under the Bankruptcy Reform Act of 1978, then 11 U.S.C. § 1301 would prohibit plaintiff, the creditor, from acting on or commencing or continuing any civil action against a co-debtor for debts which are within the purview of the act. This protection was not afforded under the bankruptcy law in effect prior to the Bankruptcy Reform Act of 1978.
Both parties herein acknowledged that the Bankruptcy Reform Act of 1978 became effective on October 1, 1979. P.L. 95-598, Title IV § 402. In the affidavit in opposition to plaintiff’s motion for summary judgment, defendant’s attorney acknowledged that the Chapter XIII Wage Earner Plan was confected and approved on January 10, 1979.
Section 403(a) of Title IV of the Reform Act provides:
“A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such act as if this act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if this act had not been enacted.”
Since the Wage Earner Plan of the original maker of the note was filed before the effective date of the Bankruptcy Reform Act of 1978, it is clear the law of the prior Bankruptcy Act of 1898 is applicable.
Formerly, 11 U.S.C. § 34, dealing with co-debtors of a bankrupt, provided that liability of a bankrupt’s co-debtor is not altered by a bankrupt’s discharge. Federal jurisprudence has consistently applied 11 U.S.C. § 34 to Chapter XIII, holding that co-debtors are not affected by a Chapter XIII proceeding. See, generally, In re Lancaster, 38 F.Supp. 318 (W.D.Mo.1941); Schraer v. G. A. C. Finance Corporation, 408 F.2d 891 (6th Cir. 1969); Reed v. General Finance Loan Company of Norfolk, 394 F.2d 509 (4th Cir. 1968).
Since the creditor herein, The Bank of New Orleans, clearly has the right to pursue his remedy against the co-debtor herein, Rosemary Lewis, then the judgment of the trial court must be reversed.
*831 Accordingly, the judgment of the trial court is reversed, and judgment is rendered herein in favor of plaintiff, The Bank of New Orleans and Trust Company, and against defendant, Rosemary Lewis, in the full sum of $2,259.85, together with interest at the rate of eight (8%) per cent per an-num from March 8,1979 until paid, and 20% attorney’s fees, and for all costs, subject to a credit for all amounts received by plaintiff under Chapter XIII, the Wage Earner Plan of Rochell Lewis. All costs of this appeal to be paid by Rosemary Lewis.

REVERSED AND RENDERED.